**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

CLARENCE ROY SMITH; BETTY
SMITH,

    Plaintiffs-Appellees,

    v.

ROGERS GALVANIZING CO.,

    Defendant-Appellant.

No. 96-5168

**Appeal from United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 94-CV-982-B)**

### OPINION ON REHEARING

Stephen L. Andrew (D. Kevin Ikenberry with him on the brief), Stephen L.
Andrew & Associates, of Tulsa, Oklahoma, for the appellants.

Greggory T. Colpitts (Clifford R. Magee with him on the brief), of Tulsa,
Oklahoma, for the appellee.

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

**BRISCOE**, Circuit Judge.

After our opinion in this case was issued, Smith v. Rogers Galvanizing Co., 128 F.3d 1380 (10th Cir. 1997), Rogers Galvanizing Company filed a petition for rehearing on three issues. We granted rehearing on two issues and allowed Rogers to supplement the record on appeal with additional materials from the district court file.

**District court's decision to reopen evidence on issue of damages**

Plaintiffs' claims under the Consolidated Omnibus Reconciliation Act (COBRA), 29 U.S.C. §§ 1161-1168, were tried to the court. At trial, "[p]laintiffs introduced evidence . . . concerning the total amount of medical expenses incurred during the continuation coverage period, but did not introduce any evidence concerning the extent to which those bills would have been covered under defendant's self-funded plan." Smith, 128 F.3d at 1385. As reflected in their post-trial brief, plaintiffs' position was that any applicable premiums and deductibles were "recoupments" which would be deducted from the total amount of medical expenses only if affirmatively proved by Rogers. In response, Rogers argued it was plaintiffs' burden to demonstrate the net benefits to which they were entitled under the Guardian plan and plaintiffs' failure to present evidence concerning applicable premiums and deductibles was fatal to their claim for damages.

In its subsequent findings of fact and conclusions of law, the district court

concluded Rogers failed to provide plaintiffs with adequate notice of their

COBRA rights upon Clarence Smith's termination.  Accordingly, the court

concluded plaintiffs were "entitled to collect from Rogers Galvanizing the amount

of any medical bills incurred during the continuation coverage period . . ., less

premium and applicable deductible (recoupment)."  Appellant's App. at 37.

However, because no evidence concerning plan coverage, monthly premiums, or

applicable deductibles had been introduced at trial, the court issued the following

directive to the parties:

> On or before the 27th day of November, 1995, the parties are to submit a Judgment in keeping with the above Findings of Fact and Conclusions of Law for the Court's approval.  Failing in which the Court will conduct an additional hearing on December 7, 1995, at 1:30 P.M., to determine Plaintiffs' damages, including costs and a reasonable attorneys fee.  It is the Defendant's burden to present evidence regarding the June 1, 1993 new plan coverage, premium and deductible.  It is the Plaintiffs' burden to establish which of Plaintiffs' medical expenses are covered thereunder and application of the Oklahoma Health Care Authority lien.

Id. at 38.  In accordance with the directive, Rogers analyzed plaintiffs' medical

bills and determined the benefits due plaintiffs under the policy at issue.

Thereafter, the parties stipulated to the net damages recoverable by plaintiffs and,

consistent with the stipulation, the district court entered judgment in favor of

plaintiffs and against Rogers. [1]

---

[1] Prior to the stipulation, plaintiffs filed a motion to reopen discovery on

<span style="color:blue">(continued...)</span>

Rogers contends the district court erred in reopening the case sua sponte to accept additional evidence on the issue of damages. According to Rogers, plaintiffs bore the burden of proof on the issue of damages and the court's decision "subvert[ed] the adversarial nature of the trial" by relieving plaintiffs from the consequences of their decision not to present any evidence concerning premiums, deductibles, and applicable benefits under the policy. Rogers argues the district court's judgment awarding benefits to plaintiffs should be reversed. [2]

A district court has broad discretion to reopen a case to accept additional evidence and that decision will not be overturned on appeal absent an abuse of that discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971); Morsey v. Chevron, USA, Inc., 94 F.3d 1470, 1477 (10th Cir. 1996). In deciding whether to reopen, "[t]he court should consider the time the motion [if any] is made, the character of additional testimony and the potential prejudicial effect in granting or denying the motion." Joseph v. Terminix Int'l Co., 17 F.3d 1282, 1285 (10th Cir. 1994). Ultimately, "fairness is the key criterion" in determining whether to reopen. Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148, 1160 (1st Cir. 1996).

---

[1](...continued)
the issue of damages, which was denied by the district court as moot.

[2] Rogers' arguments pertain only to benefits awarded plaintiffs under the Guardian policy, applicable after June 1, 1993.

Here, the district court's decision to reopen was made within one month of the bench trial, after the court had determined plaintiffs had not been given adequate notice of their COBRA rights. The decision was intended to effectuate COBRA's purpose of placing plaintiffs in the position they would have been in had there been no violation on the part of Rogers. The additional evidence was narrowly confined and largely uncontroverted. Indeed, the parties stipulated to the net benefits due plaintiffs under the post-June 1, 1993, policy. Under these circumstances, we fail to see how Rogers was unfairly prejudiced by the court's decision.

Nor are we persuaded the burden of proof issues in a COBRA case are so clearly established that the district court overstepped its bounds in deciding to accept additional evidence on the issue of damages. Although Rogers contends the law clearly placed the burden of proof of damages on plaintiffs, our research indicates there is almost no guidance on this issue. No circuit court has addressed the issue and only a handful of district courts have directly or indirectly touched on it. In <u>Hamilton v. Mecca, Inc.</u>, 930 F. Supp. 1540, 1555 (S.D. Ga. 1996), the district court held plaintiff bears the burden of proof as to damages in an action to recover COBRA benefits and therefore must present evidence concerning the amount of expenses covered under the policy at issue. The court did not cite any authority in support of its conclusion. Presumably, it based its holding on the fact

that a plaintiff in a civil case typically carried the burden of demonstrating damages.  But see Stanton v. Larry Fowler Trucking, Inc. , 52 F.3d 723, 728 (8th Cir. 1995) (concluding plan administrator bears burden at trial of proving COBRA notice was given).

In contrast, three district courts have handled the issue of damages in a manner similar to that used by the district court in this case.  In Van Hoove v. Mid-America Bldg. Maint., Inc. , 841 F. Supp. 1523 (D. Kan. 1993), the district court concluded defendant failed to give plaintiff proper notice of her rights under COBRA upon termination of her husband's employment.  Although evidence of incurred medical expenses had been introduced at trial, the court held the "medical bills alone [we]re not the proper measure of damages," and that the amount must be reduced "by any deductibles or co-payments, as well as the premium that [plaintiff] would have had to pay had she elected continuation coverage."  Id. at 1536.  Accordingly, the court informed the parties it would conduct "an evidentiary hearing to determine the appropriate damage award" unless they could "reach an agreement regarding these matters."  Id.

In Ward v. Bethenergy Mines, Inc. , 851 F. Supp. 235 (S.D. W.Va. 1994), the district court granted summary judgment in favor of plaintiff on her claim to recover COBRA benefits, but held plaintiff's "medical bills must be reduced by the amount of any co-payments, deductibles or premiums."  Id. at 240.

Accordingly, the court directed the parties to submit a proposed order "reflecting the amount of damages owed to the Plaintiff."       Id.

In Phillips v. Riverside, Inc.    , 796 F. Supp. 403 (E.D. Ark. 1992), plaintiff claimed he was not given proper notice of his COBRA rights upon termination of his employment.  He sought payment of $38,597.08 in medical bills incurred during the continuation coverage period.  The district court agreed plaintiff was not given adequate notice and directed defendant to "provide the same health insurance benefits . . . that he would have had if he had elected continued coverage under COBRA."     Id. at 411.  More specifically, the court concluded defendant was "liable to [plaintiff] for his medical bills of $38,597.08 incurred during the eighteen month period, less applicable deductibles and premium fees." Id.  The court directed plaintiff and defendant to agree upon a judgment and submit it to the court for approval.

Having considered all of the relevant circumstances, we conclude the district court's decision to reopen to allow additional evidence on the issue of damages was not an abuse of discretion.

### Reasonableness of fee award

Plaintiffs sought $52,830 in fees, based on a total of 366.25 hours expended by their two attorneys, multiplied by an hourly rate of $150.  Rogers objected, contending the requested hourly rate was excessive in light of the attorneys'

experience, and the time sheets submitted in support of the request were "clearly inflated." The district court conducted an evidentiary hearing and the parties presented testimony from local attorneys concerning the reasonableness of plaintiffs' request. The court concluded the time expended was reasonable but reduced the requested hourly rates to $135 and $115 per hour and awarded $44,022.50 in fees to plaintiffs.

Rogers continues to assert the award was excessive. More specifically, Rogers claims plaintiffs' counsel spent unnecessary time on certain tasks and submitted time records for an unrelated collection matter, an unsuccessful motion to compel discovery, and multiple representation at trial.

Under 29 U.S.C. § 1132(g)(1), an award of attorney fees to a prevailing COBRA plaintiff must be "reasonable." We review the district court's award of fees for an abuse of discretion. Stanton, 52 F.3d at 729. "We generally defer to the district court's judgment in reviewing an award of attorney's fees because it observes the attorney's work and 'has far better means of knowing what is just and reasonable than an appellate court.'" Anderson v. Secretary of Health and Human Serv., 80 F.3d 1500, 1504 (10th Cir. 1996) (Freedom of Information Act case) (quoting Trustees v. Greenough, 105 U.S. 527, 537 (1882)).

We have reviewed the record on appeal and conclude the district court did not abuse its discretion in calculating the fee award. In particular, we note

defense counsel made little effort during the evidentiary hearing to challenge the specific entries now objected to on appeal and instead focused primarily on the appropriateness of the hourly rates requested. Moreover, with respect to the two time entries specifically discussed during the evidentiary hearing, plaintiffs' expert witness opined the entries were reasonable. We find no basis in the record for reversing the fee award.

The judgment of the district court is AFFIRMED.