**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

STATE INSURANCE FUND, a
Department of the State of Oklahoma,

       Plaintiff-Appellee,

v.

ACE TRANSPORTATION, INC., a
corporation; DYNASTY
TRANSPORTATION, INC., a
corporation; JAMES H. GLASGOW and
BILL A. BUSBICE, JR., individuals,

       Defendants-Appellants.

No. 99-6020
(D. C. No. 96-CV-1755-A)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendants in this diversity case appeal the district court's grant of attorney fees to Plaintiff in the amount of $35,750.00.

Plaintiff filed the underlying action to recover premiums due under certain workers' compensation insurance policies issued to Defendants.  The district court awarded judgment to Plaintiff on August 31, 1998, and on that basis, Plaintiff subsequently filed an application for attorney fees.  Defendants did not file a response or otherwise object to the fee application.  In an Order dated November 30, 1998, the district court awarded attorney fees to Plaintiff pursuant to Okla. Stat. tit. 12, § 936.  In this appeal, Defendants contest only the basis for the award, not the amount.

Having thoroughly reviewed the record and the briefs submitted on appeal, we can see no reason for departing from the longstanding rule that this court will not consider issues raised for the first time on appeal.  See Walker v. Mather (In re Walker), 959 F.3d 894, 896 (10th Cir. 1992).  Defendants did not present the district court with any basis on which to deny attorney fees, and they have not shown any unusual circumstances which would warrant departing from our rule. See Smith v. Rogers Galvanizing Co., 128 F.3d 1380, 1386 (10th Cir. 1997).

The appeal is **DISMISSED**.

Entered for the Court

Monroe G. McKay
Circuit Judge