**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

TERRY WOMACK,

      Defendant-Appellant.

No. 99-6046
(D.C. No. CR-98-84-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Defendant-Appellant Terry Womack appeals from his conviction for

conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. § 846. He

was sentenced to 168 months imprisonment and five years supervised release. Mr.

Womack raises two issues on appeal: (1) sufficiency of the evidence, and (2) not

being allowed to present the testimony of witness Amber Long. Our jurisdiction

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

arises under 28 U.S.C. § 1291 and we affirm.

## Background

In July 1997, police found the remains of a drug laboratory in a salvage yard in Oklahoma City.  Upon investigation of the site, they discovered envelopes addressed to a certain apartment on 10th Street in Oklahoma City.  They investigated the apartment and apprehended a number of individuals.  These arrests led to the discovery of a large organization involved in a conspiracy to manufacture methamphetamine.  A federal indictment charged Terry Womack and five codefendants with the conspiracy.  Two codefendants, Desiree Dawn Heasty and Shirley Lay, pleaded guilty and then testified for the government at trial.

## Discussion

A.    Sufficiency of the Evidence

When reviewing the sufficiency of the evidence to support a jury verdict, we review the record de novo, viewing the evidence in the light most favorable to the government.  See United States v. Beers, 189 F.3d 1297, 1301 (10th Cir. 1999).  We will only overturn the verdict if no reasonable jury could find the defendant guilty beyond a reasonable doubt.      Id.

Ms. Heasty testified that methamphetamine was manufactured on multiple

occasions at the 10th Street apartment and Terry Womack came to the apartment "[t]o help them cook dope." Tr. at 132-33. When questioned as to Mr. Womack's actual involvement in manufacturing, she testified that he "opened pills" and "filtered" the methamphetamine. Id. Each person who participated in the "cook" would then take a share of the drugs. Id. at 134. Ms. Heasty also testified that she was present on at least one occasion when methamphetamine was manufactured at the house where Terry Womack lived. Terry cleaned up after the cook and received a share of what was made. Id. at 138.

Ms. Lay testified about another time when methamphetamine was manufactured at the house where Terry Womack lived. Tr. at 192-93. She heard Terry and another co-conspirator "talking about chemicals that they had of Greg's [a codefendant], that they were holding for Greg. . . . And they were going to use them. Some amount of them or something. They were out back or something." Id. at 194.

Finally, Ms. Sanders, an investigator for the DEA, testified about an interview with Terry Womack. She testified that Terry admitted that he was present on at least two occasions when methamphetamine was being produced at the 10th Street apartment, and once during a cook on 39th Street. Tr. at 95-96. She further testified that Terry indicated that he knew how to obtain materials for methamphetamine and where to get the necessary chemicals. See id. at 96.

In summary, the evidence demonstrates that Mr. Womack was present at several cooks, he helped to prepare for manufacture and cleaned up afterwards, he stored the chemicals used for manufacture, he opened pills and filtered the methamphetamine, and he received a share of the drugs produced. When viewed in the light most favorable to the government, this evidence was clearly sufficient to find that Mr. Womack was involved in a conspiracy to manufacture and distribute methamphetamine.

B.     Witness Amber Long

After the defense rested, Mr. Womack sought to reopen to present the testimony of Amber Long. The government objected on the grounds that Ms. Long could have been subpoenaed. Tr. at 261. Defense counsel stated that Ms. Long had recently moved and he was only now able to locate her. A car was on its way to try and pick up Ms. Long and bring her to the courthouse. The court gave defense counsel until 3:00 p.m, approximately one hour and five minutes.

At 3:05 p.m., Ms. Long had not arrived, and the court instructed the jury. As the government was about to begin its closing argument, defense counsel informed the court that Ms. Long had arrived, albeit twenty minutes late. The court denied counsel's motion to reopen the case because "at the end of instructions when [the government] is preparing to argue, it comes to late . . . ."

Tr. at 266.

A district court has broad discretion when deciding whether to reopen a case to hear additional evidence and this decision will not be overturned absent an abuse of that discretion. See Smith v. Rogers Galvanizing Co., 148 F.3d 1196, 1197-98 (10th Cir. 1998). In deciding whether to reopen, the court should consider when the motion is made, the character of the additional testimony proffered and any possible prejudice in granting or denying the motion. Id.

At the time of making his motion, Mr. Womack's counsel did not make an offer of proof as to the character of Ms. Long's testimony. Even on appeal, counsel does no more than intimate in one sentence that "[h]er testimony would have shown that Mr. Womack had no link to the Edmond methamphetamine operation." Aplt. Br. at 18.

Be that as it may, the judge gave defendant over an hour to produce a witness who likely could have been subpoenaed before trial. When this deadline passed, the judge made a decision to continue with the trial. The district court's action was the essence of a completely reasonable exercise of discretion, balancing the interests of all concerned. We will not disturb it.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge