**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICIA GEARY,

       Plaintiff-Appellant,

v.

DAMES AND MOORE
CORPORATION,

       Defendant-Appellee.

No.  99-1122
(D.C. No. 97-WY-700-WD)
(D. Colo.)

**ORDER AND JUDGMENT**  *

Before  **BALDOCK** ,  **HENRY** , and  **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Patricia Geary challenges the district court's grant of summary judgment to appellee Dames and Moore Corporation (D&M) in this diversity suit asserting claims of breach of contract, promissory estoppel, and wrongful termination in violation of public policy under Colorado law. Appellant contends that 1) the disclaimers she signed have no effect on her contract claim because the basis for her claim predates the disclaimers; 2) she has raised, at a minimum, a question of fact regarding the effects of the disclaimers; 3) the disclaimers are irrelevant to her promissory estoppel claim; 4) the promises on which she relied were specific, contrary to the district court's ruling; 5) she was wrongly terminated based on her right "not to condone or actively participate in illegal/unethical conduct," *see* Appellant's Br. at 20; and 6) she properly identified the regulations on which her allegations of illegal conduct are based. In her reply brief, she also asserts that to have allowed the alleged illegal conduct would have been illegal or unethical on her part as well.

Appellant's argument that a contract arose before she signed the disclaimers was not presented to the district court; therefore, we need not consider it on appeal absent special circumstances which are not present here. *See Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1385-86 (10th Cir. 1997). Similarly, the issue concerning possible illegal or unethical conduct on appellant's own part was raised for the first time in appellant's reply brief and

therefore we deem it abandoned. *See Codner v. United States*, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994).

As to the remaining issues, we review the district court's grant of summary judgment de novo, *see Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1175 (10th Cir. 1999), applying the same standards as that court pursuant to Fed. R. Civ. P. 56(c). After a careful review of the record on appeal and the parties' briefs in light of the applicable law, we are convinced that the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's Order and Judgment, dated February 16, 1999, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge