**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARIE A. BRADLEY,

      Plaintiff-Appellant,

v.

GEAR PRODUCTS, INC.,

      Defendant-Appellee.

No. 99-5080
(D.C. No. 97-CV-741-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

Plaintiff Marie A. Bradley appeals from the district court's grant of summary judgment to defendant on her claims of gender discrimination arising under Title VII. [1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before the district court, plaintiff raised claims under the Age Discrimination in Employment Act (ADEA), the Equal Pay Act (EPA), and Title VII. On appeal, counsel ambiguously states that "[t]his appeal commences as to the gender-related claim." Appellant's Br. at 1. Accordingly, we conclude plaintiff has waived any appeal as to her age discrimination claim. Further, although her EPA claim was gender-based, counsel makes no argument challenging the grounds of the district court's ruling rejecting that claim, namely that plaintiff was, accordingly to defendant's payroll records, making a higher hourly wage than her chosen "comparator." *See* Appellant's App., Vol. II at 430-31. Therefore, we conclude that any appeal as to this claim is also waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Similarly, plaintiff raised a gender-based claim that she was denied overtime pay in contrast to male employees and asserted a claim of hostile work environment. Because she does not challenge the district court's analysis and rejection of these claims, however, we conclude that they also are waived. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990).

Plaintiff was discharged from her employment with defendant after almost sixteen years. *See* Appellant's Br. at 2. She contends that her discharge was motivated by gender bias. The district court held that, even had plaintiff

established a prima facie case under the classic *McDonnell/Douglas* analysis, [2] *see Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1315-16 (10th Cir. 1999), she made no showing that the reasons proffered by defendant for her termination were a pretext for gender discrimination. *See* Appellant's App., Vol. II at 433. We review the district court's grant of summary judgment de novo, applying the same standards as that court pursuant to Fed. R. Civ. P. 56(c). *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999).

To survive summary judgment on pretext, plaintiff must demonstrate the existence of a genuine issue of fact material to the determinations whether a discriminatory reason more likely motivated defendant to discharge her or whether defendant's proffered reasons for her discharge are unworthy of belief. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir. 2000); *Bullington*, 186 F.3d at 1317. On appeal, plaintiff contends only that the district court failed to consider 1) deposition statements made by defendant's managers, and 2) a memorandum summarizing plaintiff's personnel file. *See* Appellant's Br. at 8 (citing Appellant's App., Vol. II at 354-55). Upon review of these items, we agree with the district court that this evidence does not demonstrate a genuine

---

[2] The district court did not hold, as counsel states on appeal, that plaintiff had made out a prima facie case of gender discrimination. The district court did hold that plaintiff had established a prima facie case of age discrimination, an issue not before us on appeal. *See* Appellant's App., Vol. II at 432.

issue of material fact on the issue of pretext. "Plaintiff's mere conjecture that her employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Jones*, 203 F.3d at 754 (quotation and citation omitted).

Plaintiff also argues that "there is significant evidence that other gender-based reasons also played a significant role, giving rise to a jury's application of the mixed motive analysis." Appellant's Br. at 8. However, we agree with defendant that plaintiff did not present a mixed motive case to the district court. *See* Appellee's Br. at 18-19. We will not consider new theories on appeal except under the most unusual circumstances not present here. *See Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1386 (10th Cir. 1997).

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-4-