**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHLEEN J. VILLAGRANA,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 00-4027
(D.C. No. 97-CV-223)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

Claimant Kathleen J. Villagrana appeals the district court 's affirmance of

the decision of the Commissioner of Social Security denying her application for

supplemental security income based on claims of disability.[1] Her application was

denied administratively and upon reconsideration. Following a hearing, the

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

administrative law judge (ALJ) determined that claimant was not disabled. The Appeals Council denied review, making the ALJ's decision to deny benefits a final decision of the agency for purposes of further appeal. *See Williams v. Bowen*, 844 F.2d 748, 749 (10th Cir. 1988). Our jurisdiction over this appeal arises under 28 U.S.C. § 1291.

Agency regulations establish a five-step sequential analysis to evaluate disability claims. *See Williams*, 844 F.2d at 750-52 (describing five steps in detail). Here, the ALJ reached step four of the analysis, determining that, despite severe impairments and both mental and physical limitations, claimant could still perform her past relevant work as a maid. We review the agency's decision under a deferential standard, determining only whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Further, we will not review issues or arguments that were not preserved in the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

On appeal, claimant argues three issues: 1) that she met a listing under step three of the applicable analysis due to her mental impairments; 2) that the ALJ improperly evaluated the credibility of claimant's testimony at the hearing;

and 3) that the ALJ's hypothetical question posed to a vocational expert (VE) was error.

The first issue claimant argues here was not presented to the district court. Therefore, we decline to consider it. *See id.* Similarly, we decline to address claimant's arguments about the ALJ's credibility assessment. Claimant did argue before the district court that the ALJ improperly evaluated her credibility, but only on the grounds that the ALJ "fail[ed] to articulate any basis for discounting her testimony." Appellee's Suppl. App. at 3. [2] The arguments put forward on appeal in support of claimant's second issue were not presented to the district court. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.) (stating appellate court will not consider new theory that falls under same category as one argued before the trial court), *op. amended on other grounds*, 103 F.3d 80 (10th Cir. 1996). Finally, we decline

---

[2] We note that claimant's counsel has failed to follow this court's rules and has misrepresented the record in this case. This court requires that, "[f]or each issue raised on appeal," litigants are to "cite the precise reference in the record where the issue was raised and ruled on." 10th Cir. R. 28.2(C)(2). Counsel failed to provide this court with a copy of claimant's brief before the district court and therefore could not cite to a record reference demonstrating that the issues presented on appeal were preserved below. Appellee provided a copy of claimant's brief in its supplemental appendix, allowing us to review the brief to determine whether the issues were raised before the district court. Despite counsel's statement in his opening brief that the issues argued on appeal were raised in claimant's memorandum brief before the district court, *see* Appellant's Br. at 5, our review of that brief demonstrates otherwise, as noted above. Counsel is admonished to follow this court's rules in the future and absent compelling reasons, avoid presenting issues not argued below. *See Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1386 (10th Cir. 1997).

to consider most of claimant's third argument because it consists mainly of vague and conclusory statements. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (stating perfunctory complaints which fail to frame and develop an issue are insufficient to invoke appellate review).

As part of the third issue, claimant argues that the ALJ's hypothetical to the VE was based on conclusions that are not supported by the record. She contends that when her legal representative introduced other factors into the hypothetical, the VE opined that claimant could not perform her past relevant work or, indeed, any work in the national economy. This argument misstates the record and lacks merit. The transcript of the hearing before the ALJ demonstrates that claimant's representative queried the VE, adding several other factors to the ALJ's hypothetical and eliciting the VE's opinion whether claimant could still work if those factors applied. As to all but one of these added factors the VE maintained his opinion that claimant could perform her past relevant work as a maid. Only when the representative added a requirement that claimant be able to lie down for two to three hours during each work day did the VE opine that claimant could not work. The ALJ properly rejected this factor based on his credibility assessment and the medical record.

The judgment of the District Court is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge