**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFREY J. RITTENHOUSE,

        Petitioner-Appellant,

v.

RICK HUDSON, Warden,

        Respondent-Appellee.

No. 00-6142
(D.C. No. 99-CV-1917-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Jeffrey J. Rittenhouse appeals from the district court 's order dismissing his

federal habeas complaint, filed pro se and pursuant to 28 U.S.C. § 2241. Our

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction over this appeal arises from 28 U.S.C. § 1291. Petitioner alleged claims pursuant to due process, the Eighth and Thirteenth amendments, and equal protection--all resulting from his transfer out of a Wisconsin state prison to a private prison facility in Oklahoma. The magistrate judge recommended that all of petitioner's claims be dismissed, *see* R. Vol. I, doc. 12, and, after considering the petitioner's objections, the district court agreed, *see id.,* doc. 15.

On appeal, petitioner reiterates those issues and arguments presented in his objections to the magistrate judge's report and recommendation. He also presents a jurisdictional issue and various other arguments and theories which were not presented to the district court. In accord with the general rule, we do not consider issues, theories, and arguments not presented below absent special circumstances not present here. *See Okland Oil Co. v. Conoco, Inc.*, 144 F.3d 1308, 1314 n.4 (10th Cir. 1998); *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1385-86 (10th Cir. 1997).

Because the Antiterrorism and Effective Death Penalty Act applies to this appeal, petitioner must obtain a certificate of appealability (COA) before proceeding on appeal. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). The district court denied petitioner COA, *see* R. Vol. I, doc. 15, at 3; this court construes petitioner's notice of appeal as a renewed application for COA, *see* Fed. R. App. P. 22(b)(2). In determining whether COA should issue, we must

decide whether petitioner has "made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

Petitioner also seeks leave to proceed without prepayment of costs and fees; that request is granted.  However, after careful review of the entire record on appeal in light of the applicable law and the parties' briefs, we conclude that petitioner has not met the standards for issuance of COA, for the reasons set forth in the  district court 's order dated April 5, 2000.  This appeal is dismissed; the mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge