**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ORIN H. BOYD, SR.,

      Plaintiff-Appellant,

v.

UNIFIED GOVERNMENT OF
KANSAS CITY, KANSAS;
WYANDOTTE COUNTY, KANSAS,

      Defendants-Appellees.

No. 99-3402
(D.C. No. 98-2439-KHV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Orin H. Boyd appeals from the district court 's grant of summary judgment to defendant, plaintiff's former employer, on claims of discrimination, retaliation, and breach of contract.[1] As the parties are familiar with the facts and procedural history of the case, we will not repeat them here. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291.

We review the district court 's grant of summary judgment *de novo* , applying the same standards as did that court to determine whether genuine issues of material fact exist and, if not, whether the movant is entitled to judgment as a matter of law. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.* , 165 F.3d 1321, 1326 (10th Cir.), *cert. denied* , 120 S. Ct. 53 (1999). Although we construe plaintiff's pro se pleadings liberally, *see Haines v. Kerner* , 404 U.S. 519, 520 (1972), we do not consider materials or arguments not presented to the district court, *Myers v. Okla. County Bd. of County Comm'rs* , 151 F.3d 1313, 1319 (10th Cir. 1998); *Walker v. Mather (In re Walker)* , 959 F.2d 894, 896 (10th Cir. 1992). In opposing defendant 's summary judgment motion, plaintiff must do "more than simply [show] there is some metaphysical doubt as

---

[1] The district court 's ruling also granted defendant's motion to strike plaintiff's summary judgment motion for failure to follow local rules. Plaintiff does not challenge this part of the ruling on appeal, and has therefore waived the matter. *State Farm Fire & Cas. Co. v. Mhoon* , 31 F.3d 979, 984 n.7 (10th Cir. 1994).

to the material facts." *Neustrom v. Union Pac. R.R.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quotations omitted).

On appeal, plaintiff contends that he has met the prima facie case requirements for his claims of discrimination based on age, race, and religion, and his retaliation claim. He attacks the veracity of defendant's evidence on summary judgment, but did not allege facts before the district court which would create a genuine dispute on issues material to the applicable legal analysis. Plaintiff now offers both materials and arguments not presented to the district court. He requests a hearing and challenges the district court's failure to appoint him an attorney.

Seeing no manifest injustice, we do not consider the new arguments and materials plaintiff presents for the first time on appeal. *See Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1386 (10th Cir. 1997). After careful review of the entire record on appeal in light of the parties' arguments and the applicable law, we conclude that the district court correctly decided this case.

Plaintiff has not demonstrated entitlement to either a hearing or appointed counsel. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge