MURPHY, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s determination that Aetna’s decision was arbitrary and capricious. The basis for my dissent is that the argument upon which the majority decides the case has never been made by Mr. Gaither, who has appeared through counsel throughout this ease. It is an argument made only by the majority and, as such, the majority’s resolution of this appeal undermines the adversary process and perpetrates a great injustice against the defendant-appellee, Aetna, who has never had an opportunity to address the argument.
After Aetna denied his administrative appeal, Mr. Gaither filed a complaint in federal court against both Monsanto and Aetna wherein he alleged, inter alia, that the denial of benefits was “unreasonable and arbitrary and capricious.” Aetna and Monsanto moved for judgment on this claim, asserting that the district court’s review of the decision to deny benefits to Mr. Gaither was confined to the administrative record, that the arbitrary and capricious standard of review applied, and that Mr. Gaither bore the responsibility of bringing evidence in support of his claim *810 for benefits to the attention of Aetna. Aetna and Monsanto then argued that Aet-na’s decision to deny benefits to Mr. Gaither was supported by “substantial evidence” in the administrative record and, thus, should be affirmed.
In his response to Aetna’s motion, Mr. Gaither essentially conceded that the administrative record supported Aetna’s decision to deny him benefits when he stated, “It is no wonder the Administrator found the record before him was inadequate.... All of the records evidencing Gaither’s disability were in the hands of [Monsanto].” Instead, the crux of Mr. Gaither’s argument was that his employment records allegedly contained information relevant to his disability claim and Monsanto breached its duty to provide those records to Aetna. Thus, Gaither argued, Aetna’s decision was arbitrary and capricious because it was uninformed and failed to consider all the relevant facts even though such facts were not to be found in the administrative record. Mr. Gaither’s argument was summarized in his brief to the district court as follows:
It is clear [Monsanto] had a mandatory obligation to provide Aetna with all records relating to Gaither in order for the administrator to make an informed decision. [Monsanto] breached its obligation. Not to be let off the hook, Aet-na, as expert administrator and fiduciary of the Plan, should not have rendered its decision until all the employment records relating to Gaither were submitted to it (i.e. [Monsanto’s] records attached hereto).
The district court resolved each of the issues raised by the parties, concluding that its review was confined to the administrative record and that Mr. Gaither, not Monsanto, bore the responsibility to provide relevant information to Aetna. The court further concluded that Aetna’s decision to deny benefits to Mr. Gaither was not arbitrary and capricious because it was supported by substantial evidence.
In his appellate brief, Mr. Gaither argued that Monsanto had a duty under the terms of the Plan to furnish his employment records to Aetna, that Aetna unreasonably interpreted the Plan when it failed to compel Monsanto to produce his employment records, and that Aetna breached its duty under ERISA when it failed to obtain his employment records from Monsanto. Aetna and Monsanto responded to each of Mr. Gaither’s arguments and further argued that Mr. Gaither was not entitled to relief in any event because the employment records he identified did not contain any information relevant to the determination of whether he was entitled to disability benefits pursuant to the Plan. The majority, however, fails to address any of these arguments, concluding instead that information in the administrative record placed Aetna on notice to inquire further into the circumstances of Mr. Gaither’s leave of absence from the workplace, an argument never made by Mr. Gaither in the district court or in this court.
The majority contends that Mr. Gaither did raise this argument on appeal. Majority Opinion at 800 n. 3. The single sentence in Mr. Gaither’s opening brief to which the majority cites, however, appears in the section of the brief titled “Summary of the Argument.” The Federal Rules of Appellate Procedure state that the summary of the argument section of an appellant’s brief is simply “a succinct, clear, and accurate statement of the arguments made in the body of the brief.” Fed. R.App. P. 28(a)(8). Statements made in this section of an appellant’s brief are decidedly not arguments. It is well-settled in this Circuit that an issue listed, but not argued in the opening brief is waived. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th *811 Cir.1990). Here, the argument is not developed in the argument section of Mr. Gaither’s brief. See Fed. R.App. P. 28(a)(9) (stating that the argument section of an appellant’s brief “must contain ... appellant’s contentions and the reasons for them, ioith citations to the attthorities and parts of the record on which the appellant relies.” (emphasis added)). Although the majority references, without any summary or quotes, several pages from the argument section of Mr. Gaither’s opening brief, the arguments made on those pages do not accurately mirror the theory on which the majority resolves this case, and the pages referenced are completely devoid of any citations to the record. The majority confuses the theory on which it resolves this case, i.e., that documents in Aetna’s possession put it on notice to inquire further into the reasons for Mr. Gaither’s leave of absence, with the argument actually put forward by Mr. Gaither, i.e., that Aetna had a free-floating duty arising under ERISA to obtain his employment records from Monsanto before rendering a decision regarding his claim for disability benefits. The opaque and undeveloped statements in Mr. Gaither’s summary of the argument section and the additional arguments made in his argument section wholly fail to raise or provide support for the former argument. Likewise, the statement the majority quotes from the brief Mr. Gaither filed in district court supports only Mr. Gaither’s argument that Defendants had free-floating duties arising under ERISA to provide or obtain his employment records. Majority Opinion at 800 n. 3. This is clear when the sentence quoted by the majority is read in context with its two prefatory sentences:
It is clear [Monsanto] had a mandatory obligation to provide Aetna with all records relating to Gaither in order for the administrator to make an informed decision. [Monsanto] breached its obligation. Not to be let off the hook, Aet-na as expert administrator and fiduciary of the Plan, should not have rendered its decision until all the employment records relating to Gaither were submitted to it (i.e., [Monsanto’s] records attached hereto).
(emphasis added). Finally, the majority makes no effort to address Defendants’ argument that even if the information in Mr. Gaither’s employment records had been provided to Aetna, that information has no bearing on the question of whether Mr. Gaither suffered from a long-term disability as that term is defined in the Plan.
The impropriety of reversing the decision of a district court on the basis of an argument not made by an appellant is self-evident. First and foremost, the unfairness to the appellee is intolerable under our adversarial system. The Supreme Court has wisely cautioned against such judicial conduct that deprives a party of its right to be heard on an issue. Singleton v. Wuljf 428 U.S. 106, 119-21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (reversing a merits determination made by a federal appellate court because the party against whom judgment was entered had no opportunity to present arguments on the merits). Even pro se litigants are not entitled to such assistance from this court. Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991) (“Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.”). An appellee should have the opportunity to respond to each and every argument made by the appellant in the district court and on appeal. The basis on which the majority resolves this appeal, however, takes the parties out of the process and substitutes this court as an advocate for Mr. Gaither, resolving this matter on grounds never *812 before presented. The inequity is palpable.
The majority baldly states that “Aetna has had full opportunity to address that argument, and has done so in its briefs in this Court,” but it fails to summarize Defendants’ argument or indicate where in their response brief it is contained. Majority Opinion at 800 n. 3. Although the majority belittles as “hyperbolic” the statement in this dissent that Defendants have suffered a “great injustice,” its inability to identify Defendants’ responsive argument undermines its criticism. Id.
This court has “repeatedly stated that a party may not lose in the district, court on one theory of the case, and then prevail on appeal on a different theory.” Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993). There is an exception to this general rule when issues are raised for the first time on appeal and they involve “questions of law, the proper resolution of which [is] beyond reasonable doubt, and the failure to address the issues would result in a miscarriage of justice.” Petrini v. Howard, 918 F.2d 1482, 1483 n. 4 (10th Cir.1990). This exception, of course, is not applicable here for two independent reasons: (1) the issue does not solely involve questions of law and (2) the argument has not been raised by appellant on appeal. See Shoels v. Klebold, 375 F.3d 1054, 1062 (10th Cir.2004) (McConnell, J.) (concluding it “would be inappropriate to make an exception” and resolve the appeal in favor of appellant on the basis of an argument raised for the first time on appeal when there were unresolved factual questions).
Because the issue on which the majority resolves this case was not raised and decided below, factual materials were not submitted by the parties in the district court, thereby forcing the majority to engage in speculation to resolve this appeal. For example, Mr. Gaither has never asserted that one of his physicians, Dr. Sor-enson, would have provided relevant information if he had been contacted by Aetna. Mr. Gaither’s argument was instead confined to the assertion that records in Monsanto’s possession substantiated his claim for disability benefits. The majority, nevertheless, speculates that if Aetna had contacted Dr. Sorenson, he “might have been able to provide at least some of the same information” that was in Mr. Gaither’s employment records. Majority' Opinion at 806 (emphasis added): Quite aside from that taint of speculation, the argument that Dr. Sorenson could have provided information relevant to his claim for disability benefits is Mr. Gaither’s to make, and it is decidedly not the function of this court to make that argument for him. United States v. Abdenbi, 361 F.3d 1282, 1290 (10th Cir.2004) (“This court should neither raise sua sponte an argument not advanced by a party either before the district court or on appeal, nor then advocate a particular position and resolve the appeal based on that advocacy.”). Further, it is Mr. Gaither’s obligation to demonstrate in this appeal that any information in Dr. Sorenson’s possession is relevant to the determination of his claim for benefits. Of course, Mr. Gaither has failed to do this because he wholly fails to argue that Aetna had any obligation to contact Dr. Soren-son. Because this court now makes the argument Mr. Gaither has failed to present, it must necessarily speculate what the evidence might have been.
Finally, this is not a situation where this court must decide whether to allow Mr. Gaither to raise an issue on appeal that he failed to raise before the district court. See Smith v. Rogers Galvanizing Co., 128 F.3d 1380, 1386 (10th Cir.1997) (“We will consider matters not raised or argued in the trial court only in the most unusual circumstances, which may include issues *813 regarding jurisdiction and sovereign immunity, ... instances where public interest is implicated, ... or where manifest injustice would result.” (quotations omitted)). Instead, the majority has created for Mr. Gaither an entirely new theory on appeal which has never been raised by Mr. Gaither either in the district court or on appeal. Because I find this practice both unjust and unprecedented, I respectfully dissent.