**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUANITA DAVIS,

Plaintiff-Appellant,

v.

AKIN'S; CHAMBERLINS NATURAL
FOODS,

Defendants-Appellees.

No. 11-6144
(D.C. No. 5:10-CV-00743-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Juanita Davis sued her former employer, Health Food Associates, Inc. d/b/a

Akin's Natural Foods ("Akin's"), under 42 U.S.C. § 1981 for discrimination on

the basis of race in terminating her employment. After a jury found against her,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court entered judgment for Akin's. Proceeding pro se, Ms. Davis appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

Ms. Davis contends that the district court (1) failed to reiterate, just before deliberations, its initial instruction to jurors that they had access to depositions and exhibits; (2) admitted exhibits after the defense rested; (3) issued no findings or conclusions in support of the jury's verdict; and (4) improperly refused to admit certain testimony. She also argues that there was insufficient evidence to support the jury's verdict.[2]

The first, second, and fourth issues are all reviewed for abuse of discretion. *See Johnson v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 371 F.3d 723, 730 (10th Cir. 2004) (jury instructions); *Smith v. Rogers Galvanizing Co.*, 148 F.3d 1196, 1197-98 (10th Cir. 1998) (reopening a case to accept additional evidence); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1079 (10th Cir. 2009) (exclusion of testimony). "Under the abuse of discretion

---

[1] Before presiding over the jury trial, the district court granted summary judgment (1) to Chamberlins Natural Foods on all claims, and (2) to Akin's on Ms. Davis's claims of race, sex, and religious discrimination under Title VII of the Civil Rights Act of 1964, and of negligence and intentional infliction of emotional distress under state law. Ms. Davis's opening brief does not present any arguments challenging the summary judgment on these claims.

[2] Akin's and Chamberlins note that Ms. Davis listed additional arguments in her docketing statement. Issues listed in docketing statements generally are waived if they are not also argued in an opening brief. *Pino v. Higgs*, 75 F.3d 1461, 1463 (10th Cir. 1996). The arguments we list are the only issues that Ms. Davis preserved for the court's consideration.

standard, the district court will be reversed only if it made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1079 (internal quotation marks omitted). Having considered the parties' arguments, we cannot conclude that the district court abused its discretion with regard to any of these matters.

Further, the jury, not the court, was the factfinder at this trial. Therefore, the court was not required to issue findings of fact or conclusions of law. *See* Fed. R. Civ. P. 52(a)(1) (directing courts to find the facts and make conclusions of law "[i]n an action tried on the facts *without a jury or with an advisory jury*" (emphasis added)).

Finally, we address Ms. Davis's argument about the sufficiency of the evidence. She highlights the evidence in her favor. On appeal, however, we must view the evidence in the light most favorable to the party who prevailed at trial. *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 959 (10th Cir. 2002). In addition, "[t]he jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in evidence, and reaching ultimate conclusions of fact." *Id.* (internal quotation marks omitted). A disagreement with the jury's evaluation of the evidence is not grounds to overturn the verdict.

Ms. Davis's "Motion Re-Urging Court to Reverse Order Denying Trial Transcript at Public Expense" is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge