**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LUKE LIGHTFOOT,

       Plaintiff-Appellant,

v.

PRINCIPAL LIFE INSURANCE
COMPANY,

       Defendant-Appellee.

No. 12-6322
(D.C. No. 5:11-CV-00130-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Luke Lightfoot appeals from the district court's order denying his motion for

attorney's fees and costs under 29 U.S.C. § 1132(g)(1). Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

Mr. Lightfoot was a participant in a health care benefit plan governed by the

Employee Retirement Income Security Act of 1974 (ERISA). Defendant Principal

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Life Insurance Company (Principal) insured the plan. Mr. Lightfoot sought benefits under the plan to pay for medical treatment. Principal denied Mr. Lightfoot's claim, both initially and at the administrative appeal level.

Mr. Lightfoot subsequently filed suit against Principal in the Western District of Oklahoma under 29 U.S.C. § 1132(a)(1)(B). After reviewing the administrative record de novo and receiving extensive briefing from the parties, the district court found that, while Principal's initial and interim denials of Mr. Lightfoot's claim were appropriate, Principal's final decision to deny his claim was wrong because: (1) additional information submitted by Mr. Lightfoot during his administrative appeal established the medical necessity of the treatment for which he sought payment; and (2) the only doctor who reviewed the matter on behalf of Principal after Mr. Lightfoot submitted the additional information failed to address it in his report. The court therefore awarded Mr. Lightfoot damages to cover the cost of his treatment. Mr. Lightfoot then filed a motion for attorney's fees and costs under 29 U.S.C. § 1132(g)(1), but the court denied the motion. Mr. Lightfoot now appeals the denial of his motion for attorney's fees and costs, arguing that the district court abused its discretion in denying the motion since he prevailed on the underlying claim.

In an ERISA action such as this one, "the [district] court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C.

§ 1132(g)(1). "A fee claimant need not be a prevailing party to be eligible for an award of attorney's fees and costs under ERISA." *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2152 (2010)). Instead, a district court has the discretion to award fees "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Id.* (quoting *Hardt*, 130 S. Ct. at 2152).

"In reviewing a district court's decision to award fees under § 1132(g)(1), we apply an abuse of discretion standard." *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1386 (10th Cir. 1997), aff'd on rehearing, 148 F.3d 1196 (10th Cir. 1998). To find "that the district court abused its discretion, we must have a definite conviction that the court, upon weighing relevant factors, clearly erred in its judgment." *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 (10th Cir. 1992) (internal quotation marks omitted). Further, "[i]t is well established that an appellate court plays a limited role in reviewing a district court's award of attorneys' fees and costs, and deference is given to a district court's judgment on the matter, since the district court is in a better position to assess the course of litigation and quality of work." *Id.* (internal quotation marks omitted). Given this deferential standard of review, it is of no consequence that "we might have reached a different conclusion regarding attorney's fees." *Thorpe v. Ret. Plan of the Pillsbury Co.*, 80 F.3d 439, 445 (10th Cir. 1996).

This court has established five factors a district court may consider in deciding whether to exercise its discretion to award attorney's fees and costs in an ERISA case:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Cardoza*, 708 F.3d at 1207. In *Hardt*, the Supreme Court held that these factors "are not required for channeling a court's discretion when awarding fees under [ERISA]." 130 S. Ct. at 2158. But the court did not hold that district courts are precluded from considering the five factors. To the contrary, the court explained that, once a fee claimant shows that he has achieved some success on the merits "and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors." *Id.* at 2158 n.8.

The district court correctly noted that Mr. Lightfoot "clearly achieved 'some degree of success on the merits' and is eligible for attorney's fees [and costs] under 29 U.S.C. § 1132(g)(1)." Aplt. App., Vol. 1 at 208. In weighing the five factors set forth above, however, the court determined that an award of attorney's fees and costs was not appropriate in this case. We see no abuse of discretion in the court's analysis. As the court explained:

> Specifically, the Court finds that while this Court has found that Principal's decision to deny [Mr. Lightfoot's] claim was wrong,

- 4 -

Principal's decision does not rise to the level of bad faith required to meet the first factor. There is simply no evidence that would justify a finding that Principal acted in bad faith in denying [Mr. Lightfoot's] claim for benefits or that any procedural error that occurred in the handling of [Mr. Lightfoot's] claim was intentional or reprehensible. Regarding the second factor, there is no dispute that Principal is able to satisfy an award of attorney's fees. Third, the Court finds that an award of attorney's fees would not necessarily deter other plan administrators from acting in the same manner under similar circumstances. The facts and circumstances of this case are unique and not likely to be frequently repeated. Fourth, [Mr. Lightfoot] did not seek to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal issue. Finally, the Court finds that [Mr. Lightfoot's] position was more meritorious than Principal's position. Considering the above, the Court finds, on balance, the five factors weigh against an attorney's fee award.

*Id.* at 208-09.

The district court's order denying Mr. Lightfoot's motion for attorney's fees and costs is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge

- 5 -