**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROLAND HEATH,

  Petitioner - Appellant,

v.

RICK SOARES; KEN SALAZAR,
Attorney General of the State of
Colorado,

  Respondents - Appellees.

No. 02-1111
D.C. No. 98-N-138
(D. Colorado)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

Petitioner-Appellant Roland Heath petitioned the United States District

Court for the District of Colorado for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  The district court dismissed his petition as barred by the

limitations period established by the Antiterrorism and Effective Death Penalty

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Act (AEDPA) and codified at 28 U.S.C. § 2244(d). Heath now applies for a certificate of appealability (COA) and appeals the district court's dismissal of his petition.

In February of 1987, a jury in Denver District Court convicted Heath of two counts of aggravated robbery, two counts of a "crime of violence" sentence enhancement, and five counts of being a habitual criminal. He was sentenced to life in prison. The Colorado Court of Appeals affirmed Heath's conviction on direct appeal on June 21, 1990.

Heath initiated state post-conviction proceedings in January 1994 when he filed a motion in the state trial court, pursuant to Colo. R. Crim. P. 35(c), to vacate and set aside the judgment and convictions against him. The trial court denied Heath's motion in March 1994. The Colorado Court of Appeals affirmed the denial of Heath's motion on February 22, 1996. The final step in Heath's post-conviction proceedings, a petition for a writ of certiorari to the Colorado Supreme Court, ended when his petition was denied on November 12, 1996.

Heath filed his petition for habeas corpus in federal district court in January 1998. The exact day of that filing is in dispute and, as we discuss later, relevant to the disposition of this appeal. Heath's petition for habeas corpus raised ten

claims:[1] (1) that the trial court failed to provide Heath with a copy of a preliminary hearing transcript before trial; (2) that the admission in evidence of police mug shots impermissibly prejudiced him at trial; (3) that events at trial "burdened and chilled" Heath's decision about whether to testify; (4) that the prosecution failed to disclose exculpatory witness statements; (5) that the trial court failed to instruct the jury as to Heath's theory of the case; (6) that the police used unnecessarily suggestive identification techniques; (7) that the trial court failed to instruct the jury on all essential elements of the crimes charged; (8) that the trial court failed to notify the parties of, and failed to respond to, a note sent out by the jury during deliberations; (9) that evidence of prior convictions was improperly used against him; and (10) that his trial counsel was ineffective. The district court referred the case to a magistrate judge, who recommended that the petition be dismissed because it was not timely filed. On February 15, 2002, the district court entered an order accepting the magistrate judge's recommendation and dismissing Heath's petition. On March 11, 2002, the district court denied Heath a COA, and the instant application for a COA and appeal followed.

---

[1]Heath's original petition made three claims. He was granted leave to amend his petition by the district court, and on July 9, 1998, he filed an "Amended Application & Petition for Writ of Habeas Corpus" making seven additional claims.

In his application and appeal, Heath asks us to reverse the district court's dismissal of his petition and remand the case for consideration of the merits of his petition. Specifically, Heath argues that the district court incorrectly applied the limitations period of 28 U.S.C. § 2244(d). By denying Heath's habeas petition on the procedural ground of its being time-barred, the district court did not reach his underlying constitutional claims. In a case such as this, we cannot grant a COA unless Heath can show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." McMillian v. Hickox, No. 00-1151, 2000 WL 1846200, at *2 (10th Cir. Dec. 18, 2000) (unpublished opinion) (quoting Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000)) (quotation marks omitted). We do not reach consideration of the merits of Heath's constitutional claims because we conclude jurists of reason would not find it debatable that the district court was correct in its procedural ruling. Therefore, as we explain below, we deny a COA and dismiss Heath's appeal.

Heath's conviction became final after the conclusion of his direct appeal in June 1990, almost six years before AEDPA became effective on April 24, 1996. Because Heath's conviction became final prior to the enactment of AEDPA, he had one year from April 24, 1996 to file an application for federal habeas relief.

- 4 -

See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). However, the limitations period contained in § 2244(d) contains provisions that, under certain circumstances, toll the running of the period. Relevant here is § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Heath agrees with the district court that his application for post-conviction relief before the Colorado Supreme Court, which was filed prior to April 24, 1996, tolled the application of the limitations period. He disagrees, however, with the district court's conclusion about the date on which his post-conviction review concluded and, therefore, the date on which the one-year limitations period began to run.

In adopting the recommendation of the magistrate judge, the district court concluded that Heath's state post-conviction proceedings ended on November 12, 1996, the date on which the Colorado Supreme Court denied Heath's petition for certiorari. Heath's federal petition for a writ of habeas corpus was therefore due no later than November 12, 1997. As a result, the district court found that his filing in January 1998 was too late.

Heath contends that post-conviction review was still pending until January 3, 1997, the date on which the Colorado Court of Appeals, following the state

Supreme Court's denial of a writ of certiorari, issued its mandate. If he is correct, he would have had until January 3, 1998 to file his petition. Heath bases his position on a Colorado case, People v. Hampton, 876 P.2d 1236 (Colo. 1994) (en banc), that suggests that an appellate proceeding is pending until a mandate is issued in the case. We express no opinion on the merit of his legal argument because we conclude it is made irrelevant by the district court's factual findings.

Both the magistrate judge and the district court found that Heath filed his petition for a writ of habeas corpus, at the earliest, on January 6, 1998. If Heath filed on this date, his petition was too late even if we were to adopt his legal arguments and conclude that he had until January 3, 1998 to file.[2] The district court and the magistrate judge based their finding on the certificate of service attached to his petition, which he signed and dated January 6, 1998. Although Heath argued below that he filed his petition on January 2, the district court explained in its order dismissing his petition that "[Heath's] affidavit that he delivered the application on January 2 fails to explain how that could be true when the attached certificate of service demonstrates that he had it in his hands on January 6." (Order Accepting Magistrate Judge's Recommendation of Feb. 15, 2002, at 3.) Heath also fails to provide such an explanation in his appeal to this

---

[2]Because January 3, 1998, fell on a Saturday, Heath would have had until Monday, January 5, 1998, to file his petition. Even with this extension Heath missed the deadline.

Court. He merely asserts in his affidavit, contained in his objection to the magistrate's recommendation, that he filed his petition on January 2, 1998. The only independent evidence in support of his claim is the fact that he apparently signed and dated the petition on January 2. But more probative of the date Heath filed his petition is the certificate of service attached to the petition, dated January 6. We can think of no reason why Heath would file a petition on January 2, 1998, with a signed certificate of service attached affirming that the petition had been served on a date four days into the future.

We review a district court's factual findings in an action under 28 U.S.C. § 2254 for clear error. Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999). We determine that a factual finding is clearly erroneous only "if it is without factual support in the record" or if, after reviewing the evidence, we are "left with a definite and firm conviction that a mistake has been made." Manning v. United States, 146 F.3d 808, 812 (10th Cir. 1998). Because the district court's finding about when Heath filed his petition is firmly supported by the record—indeed, by Heath's own petition—and Heath has failed to provide any contrary evidence besides his own assertions, we conclude that there is no clear error here. Consequently, we find that Heath's petition for a writ of habeas corpus was filed on January 6, 1998, and it was therefore untimely under 28 U.S.C. § 2244(d).

Heath advances an alternative argument: his petition should not have been dismissed as untimely because he is actually innocent. He says that although "he may not have coined or penned, or used the term 'actual innocence[,]'" he has "asserted his innocence, and even now asserts actual innocence as an exception to any procedural time bar." (Aplt. B. at 16.) We are unpersuaded. First, Heath did not assert actual innocence at critical stages in the proceedings, and as a general rule we will not consider a claim that was waived or abandoned in the district court. O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990). For example, Heath failed to assert actual innocence in his response to the district court's August 12, 1998, order to show cause why his petition should not be dismissed as untimely. He also failed to assert actual innocence in his objections to the magistrate judge's recommendation that his petition be dismissed as untimely.

Second, Heath does nothing more than use the words "actual innocence" in his appeal papers. He cites no portion of the record nor any new evidence that supports his claim. There is no evidence, therefore, upon which we could base the exercise of the "manifest injustice" exception to the rule that we will not consider arguments not raised below. See Smith v. Rogers Galvanizing Co., 128 F.3d 1380, 1386 (10th Cir. 1997).

For these reasons, we DENY Heath's application for a COA and DISMISS his appeal. Heath's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge