**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2462
_____

ROBERT GUNDLACH,
                                   Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-15-cv-08153)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed August 10, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Appellant Robert Gundlach appeals pro se from an order of the United States

District Court for the District of New Jersey dismissing his case for failure to effectuate

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

service of the summons and his complaint within the time limit prescribed by Federal Rule of Civil Procedure Rule 4(m). For the reason that follows, we will vacate the District Court's order and remand for further proceedings.

On November 19, 2015, Gundlach filed a motion to proceed in forma pauperis in the District Court. He sought the District Court's review of a determination by the Commissioner of the Social Security Administration ("Commissioner"). On December 2, 2015, the District Court granted Gundlach's motion and issued a summons as to Appellee, the Commissioner. On that same date, the District Court ordered that the Clerk file Gundlach's complaint. Gundlach did not serve the complaint upon the Commissioner.

On March 10, 2016, the District Court issued an order requiring Gundlach to show cause as to why the case should not be dismissed for his failure to serve his complaint upon the Commissioner within the time set forth under Rule 4(m). On March 30, 2016, after Gundlach failed to respond to the Court's order, the District Court entered an order dismissing the complaint without prejudice under Rule 4(m). Gundlach timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. See Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) (order of dismissal is final and appealable under § 1291 where complaint filed by a plaintiff granted leave to proceed in forma pauperis is dismissed without prejudice for failure to effect service of process). We review dismissals pursuant to Rule 4(m) for abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).

2

The District Court improperly dismissed Gundlach's suit by citing his failure to serve process. As a litigant proceeding in forma pauperis, Gundlach was not responsible for the service of process. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process[.]"); see also Byrd v. Stone, 94 F.3d 217, 220 (6th Cir. 1996). Once Gundlach was granted in forma pauperis status, the District Court was obligated to appoint a United States marshal to effect service. See Fed. R. Civ. P. 4(c)(3). For this reason, we will vacate the District Court's order dismissing Gundlach's complaint and remand the case for further proceedings.