FILED
United States Court of Appeals
Tenth Circuit

March 13, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO R. MONCADA, JR.,

    Defendant - Appellant.

No. 17-8088
(D.C. Nos. 2:17-CV-00185-SWS
2:15-CR-00089-SWS-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY,** and **BALDOCK**, Circuit Judges.

Defendant-Appellant Antonio Moncada, Jr., an inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's dismissal of his 28 U.S.C. § 2255 motion as time-barred. *United States v. Moncada*, No. 2:17-CV-00185-SWS; No. 2:15-CR-00089-SWS-1, 2017 WL 6551398 (D. Wyo. Nov. 14, 2017). Because the district court's procedural ruling is not reasonably debatable, we deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2015, Moncada pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime. The district court sentenced him to 180 months on the drug count and 60 months on the firearm count, to be served consecutively. On July 27, 2016, this court dismissed Moncada's direct appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). *United States v. Moncada*, 657 F. App'x 780 (10th Cir. 2016) (unpublished). Moncada did not petition for a writ of certiorari.

On November 9, 2017, Moncada filed the instant § 2255 motion. The district court concluded that the motion was filed beyond the applicable one-year limitation period, 28 U.S.C. § 2255(f)(1), and that Moncada was not entitled to statutory or equitable tolling. *Moncada*, 2017 WL 6551398, at *1–2. The district court dismissed the motion as time-barred, denied a certificate of appealability, *id.* at *3, and entered judgment by separate order.

On appeal, Moncada argues that the merits of his claims warrant review and argues that actual innocence or a fundamental miscarriage of justice would excuse his untimely motion. Aplt. Br. at 1–2. To obtain a COA, Moncada must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court dismisses a § 2255 motion on procedural grounds, the movant must demonstrate "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of

2

reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the district court, Moncada argued that his Fifth Amendment rights were violated because the grand jury did not pass on the drug quantity (which he contends is inflated) and that his Sixth Amendment rights were violated because counsel failed to object. I R. 78, 82. He maintained that a fundamental miscarriage of justice would occur if the court did not hear his claims and that equitable tolling was warranted. I R. 90–91. The district court's procedural ruling that the fundamental miscarriage of justice exception did not apply, and that equitable tolling was not warranted is not reasonably debatable. It does not appear that Moncada argued actual innocence below, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013), and therefore he has waived the issue on appeal. In any event, actual innocence to excuse the time-bar means factual innocence, not legal insufficiency, and Moncada (who pled guilty) urged no facts suggesting it was likely that no reasonable juror would have convicted him.

We DENY a COA, DENY IFP, and DISMISS the appeal.

ENTERED FOR THE COURT

Bobby R. Baldock
Circuit Judge

3