**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC PAUL KENNETH,

    Petitioner - Appellant,

v.

R. MARTINEZ, Warden; HECTOR
BALDERAS, Attorney General of the
State of New Mexico,

    Respondents - Appellees.

No. 18-2133
(D.C. No. 2:17-CV-01176-MV-CG)
(D. N.M.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Eric Paul Kenneth, acting pro se, seeks a certificate of appealability (COA) to appeal from the denial by the United States District Court for the District of New Mexico of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 application). He claims that he received ineffective assistance of counsel in his state criminal trial and on appeal, that his prosecution on the charges against him violated the Double Jeopardy Clause of the Constitution, and that the trial judge failed to ensure a fair trial. We need not address the merits of these arguments. Because the district court correctly dismissed Mr. Kenneth's application as untimely under 28 U.S.C. § 2244(d)(1), we deny a COA and dismiss the appeal.

In 2013, Mr. Kenneth was convicted in New Mexico state court of kidnapping, aggravated battery, criminal sexual contact with a deadly weapon, and impersonating a peace officer. His convictions were affirmed by the New Mexico Court of Appeals on November 12, 2015, and the New Mexico Supreme Court denied his petition for a writ of certiorari on January 5, 2016. He did not file a petition for certiorari with the United States Supreme Court. On June 7, 2016, he filed a motion for modification of sentence in state court; the court denied the motion on June 29, 2016. On July 24, 2017, he filed a petition for writ of habeas corpus in state court. The trial court denied the petition, and the New Mexico Supreme Court denied certiorari on August 21, 2017. He filed his § 2254 application in federal court on November 29, 2017. The magistrate judge issued an order to show cause why the application should not be dismissed as untimely, and after Mr. Kenneth responded, the district court dismissed the application as barred by the one-year limitations period in § 2244(d)(1).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). And "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The district court correctly invoked the procedural bar imposed by § 2244(d)(1) to dispose of this case. Under that provision a prisoner's § 2254 application must ordinarily be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Mr. Kenneth's conviction became final upon expiration of the time to seek direct review through a petition for certiorari to the United States Supreme Court, which was April 4, 2016—90 days after the New Mexico Supreme Court denied his petition for certiorari. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). He filed his § 2254 application more than 18 months after that date.

None of the other provisions of § 2244 afford Mr. Kenneth an extension of the limitations period that would render his application timely. Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." But even if we assume that his state motion for modification of sentence qualifies as an application for collateral review, it would toll the limitations period for only 52 days—the 22 days from June 7 to June 29, 2016, plus 30 days to seek appeal, *see* NMRA Rule 12-201(A)(1)(b). And he is not entitled to any additional extension based on the filing of his state petition for postconviction relief in July 2017, because it was filed after expiration of the one-year limitations period (even with a 52-day extension). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

3

On appeal Mr. Kenneth argues that he lacked access to the factual record necessary to assert certain claims, and thus that the limitations period should be measured from "'the date on which the factual predicate of [the] claim or claims presented could have been discovered through the exercise of due diligence.'" Aplt. Br. at 5–6 (quoting § 2244(d)(1)(D)). But this argument was not presented to the district court, so we will not consider it. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) ("[A]s to issues that were not presented to the district court, we adhere to our general rule against considering issues for the first time on appeal.").

Nor is Mr. Kenneth entitled to equitable tolling of the limitations period. A habeas applicant is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The district court held that Mr. Kenneth had not demonstrated extraordinary circumstances warranting equitable tolling, and we will not disturb that ruling absent a showing of an abuse of discretion. *See Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004). Mr. Kenneth has not made such a showing. Although he argues that equitable tolling may be justified by an attorney's egregious misconduct that prevents an application from being timely filed, *see Holland*, 560 U.S. at 652–53, as when counsel abandoned the prisoner during a critical proceeding, *see Maples v. Thomas*, 565 U.S. 266, 282–83 (2012), he does not allege any such misconduct. The extent of his claim is that his former trial attorney declined to provide him with court documents at the attorney's own expense for use in postconviction proceedings. That is not misconduct

warranting extraordinary equitable relief, particularly when he failed to explain to the district court why he needed the documents to pursue postconviction relief.

He also asserts that he had difficulty obtaining a recording of trial proceedings, which was necessary to prove ineffective assistance of counsel. But he does not identify any reason that the recording was necessary to pursue that claim; he simply points to relatively minor discrepancies between the recording and the printed transcript. In any event, this court has repeatedly rejected the argument that difficulty in obtaining trial records constitutes "extraordinary circumstances" justifying equitable tolling. *See, e.g.*, *Levering v. Dowling*, 721 F. App'x 783, 788 (10th Cir. 2018) ("[N]either the difficulty in obtaining trial court transcripts nor [applicant's] limited time in the law library are 'extraordinary circumstances' that would justify the use of equitable tolling."); *Porter v. Albaugh*, 672 F. App'x 851, 857 (10th Cir. 2016) ("[E]ven if we gave [applicant] the benefit of the equitable-tolling arguments that he advanced before the district court—*viz.*, *general* difficulties in obtaining trial transcripts and in accessing the prison law library— we would conclude that reasonable jurists would not find debatable the district court's determination that [applicant's] general grievances fail to constitute *extraordinary* circumstances."). Thus, jurists of reason could not debate that the district court did not abuse its discretion in declining to grant equitable tolling on that basis.

Finally, Mr. Kenneth asserts that he is actually innocent of the offenses of which he was convicted, and thus we should consider his untimely application to avoid a miscarriage of justice. *See McQuiggin v. Perkins*, 569 U.S. 383, 397–98 (2013). But he did not present that argument to the district court. Even for actual-innocence claims, "we

5

adhere to our general rule against considering issues for the first time on appeal." *Viera*, 674 F.3d at 1220; *see, e.g.*, *United States v. Moncada*, 714 F. App'x 912, 913 (10th Cir. 2018) ("It does not appear that [the applicant] argued actual innocence below, and therefore he has waived the issue on appeal." (citation omitted)); *Heath v. Soares*, 49 F. App'x 818, 821 (10th Cir. 2002) ("[The applicant] did not assert actual innocence at critical stages in the proceedings, and as a general rule we will not consider a claim that was waived or abandoned in the district court.").

We **DENY** the application for a COA and **DISMISS** the appeal. We **GRANT** Mr. Kenneth's motion to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge